UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MR. DANIEL R. DOWNES, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00894-MMD-BNW<br><br>**ORDER ON MOTION FOR PROTECTIE ORDER** |

　　　Before the Court is Defendant Karen Macaulay's Motion for Protective Order (ECF No. 38). Defendant Christa D. Shedd a/ka/ Christa Downes filed a response (ECF No. 49) to which Defendant Karen Macaulay replied (ECF No. 50).

**I. Background**

　　　This is an interpleader action based on a life insurance policy of Decedent Daniel Downes. Plaintiff Metropolitan Life Insurance Company filed this action for a determination of the proper parties to the life insurance benefits of Decedent.

　　　Karen Macaulay was married to Daniel Downes. They divorced in 2010. The divorce decree in Case No. D-10-431684-D states that their children are the beneficiaries of Daniel Downes' life insurance policy.

　　　After divorcing Karen Macaulay, Daniel Downes married Christa Shedd.

　　　Following Daniel Downes' death, Christa Shedd and her child claimed to be beneficiaries of a certain coverage of the life insurance policy.

　　　The Family Court ordered that the file containing documents of the divorce between Daniel Downes and Karen Macaulay be sealed "to the extent allowed by law." ECF No. 38

Exhibit 2. Christa Shedd tried to have that file unsealed, but the Court denied her request.[1] ECF No. 38 Exhibit 3.

During Karen Macaulay's deposition, Christa Shedd asked her several questions Karen Macaualay believed to be subject to the Family Court's sealing order. As such, she terminated the deposition pursuant to Fed.R.Civ.P. 30(d) to obtain clarification from this Court regarding the scope of the sealing order. In turn, the issue before this Court is whether NRS 125.110 prohibits Karen Macaulay from testifying about documents that were sealed in her divorce proceeding pursuant to that statute.

## II. Analysis

A party may seek a protective order to limit discovery under Federal Rule of Civil Procedure 26(c), as Defendant Karen Macaulay has done here. Rule 26(c) provides, in part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden is on the party seeking the order to make the showing of good cause "by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[I]t is solely within the province of the state courts to authoritatively construe state legislation." *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir.2001). If the state court has not construed the relevant statute, this Court must interpret the statute as the Supreme Court of Nevada would and follow Nevada's rules of statutory construction. *Planned Parenthood of Idaho, Inc.*, 376 F.3d at 925. "In Nevada, words in a statute should be given their plain meaning unless this violates the spirit of the act." *V & S Ry., LLC v. White Pine Cty.,* 211 P.3d 879, 882 (2009). Moreover, "a statute should not be read in a manner that renders a part of a statute meaningless or produces an absurd or unreasonable result." *Id*. Further, the Nevada

---

[1] This Court will not determine whether the state court decision to deny Christa Shedd access to the documents was consistent with NRS 125.110. Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Supreme Court has made clear that "every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *State v. Castaneda*, 245 P.3d 550 (2010), opinion modified on denial of reh'g, No. 52911, 2010 WL 5559401 (Nev. Dec. 22, 2010) (citing *Hooper v. California*, 155 U.S. 648, 657(1895)).

As applicable here, NRS 125.110(1)(b) states that "the pleadings, the finding of the court, any order made on motion as provided in Nevada Rules of Civil Procedure, and the judgment" shall be open to public inspection in the clerk's office. However, upon written request of either party to the action "[a]ll other papers, records, proceedings and evidence, including exhibits and transcript of the testimony, shall…be sealed and shall not be open to inspection except to the parties or their attorneys, or when required as evidence in another action or proceeding." NRS 125.110(2).

The statute's plain language does not prohibit a person from testifying about the sealed documents.

In addition, this Court must construe the statute to in a way that does not render it unconstitutional. *State v. Castaneda*, 245 P.3d 550. The Nevada Supreme Court has spoken on a similar issue in *Johanson v. Eighth Jud. Dist. Ct. of State of Nev. ex rel. Cnty. of Clark*, 182 P.3d 94, 98 (2008). In that case the Nevada Supreme Court had to determine the constitutionality of a gag order given by a Family Court Judge prohibiting the parties from discussing matters that had been sealed. The Nevada Supreme Court held that "[a] gag order preventing participants from making extrajudicial statements about their own case amounts to a prior restraint on speech and undermines First Amendment rights."[2] *Johanson*, 182 P.3d at 98. It further held that "[g]ag orders must be narrowly drawn if no less restrictive means are available; they may be entered only when there exists a serious and imminent threat to the administration of justice." *Id*. In light of this, construing NRS 125.110 to include such a gag order would undermine the Supreme Court of Nevada's holding in the *Johanson* case.

Given the above, this Court does not find good cause to issue a protective order in this case. Moreover. Karen Macaulay has not met her burden of demonstrating that harm or prejudice will result from the discovery. Moreover, to the extent the parties want to deem the information confidential they are free to designate it as such and seek to have any such testimony sealed before this Court.

### III. Conclusion

**IT IS ORDERED** that Defendant Karen Macaulay's Motion for Protective Order (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties meet and confer within 7 days of today and determine a mutually agreeable time for Karen Macaulay's continued deposition. Such deposition must take place within 45 days of this Order.

**IT IS FURTHER ORDERED** that the hearing set for September 26, 2023 is **VACATED**.

DATED: September 25, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE